Bouldin, J.
delivered the opinion of the court.
The proceedings in the Circuit court in this case have been somewhat irregular, but we think there is no subs^an^al error in the record to the prejudice of the appellant.
There is no brief for the appellant and no argument, nor is there any formal assignment of errors in the petition for ap¿>eal; but we gather from the petition, that the appellant relies on the following objections, among others, to the decree of the Circuit court: 1st. That there was no proof of the number of acres of land sold by Sively to MeCaleb and Gillaspie, nor any production of the deeds.
It might be enough to say that the allegation that a portion of the Sively lands had been sold to those parties, came from the appellant’s grantor by way of defence to the claim of the appellee; and if it were important that the deeds should be produced and the number of acres shown, it was certainly incumbent on the appellant and not the appellee, to produce the evidence.
But it does in fact appear from the commissioner’s report, that he estimated “ the land conveyed to' Gillaspie and MeCaleb, to be about one-fifth in value of the entire lands.” We think therefore that there is nothing in the objection.
The nest objection seems to be that the land of the appellant was decreed to be sold without first ascertaining the esact number of acres claimed by her, and the assessed value thereof.
It is not perceived that it was necessary for either party to show the assessed value of the land, prior to a decree for the sale thereof. It is true that the law requires that the commissioner who may make the sale, *899 shall report to the court the assessed value of the land sold: but that sale has not yet been made; and it will be time enough to make such objection, when the deliuquency shall in fact occur.
As to the other branch of the objection, viz : that the exact number of acres claimed by the appellant was not shown. We think, on the facts of this case, that it was wholly unnecessary to make a separate report of that matter. The entire quantity of the Sively lands, including the land sold to McOaleb and G-illaspie and the Jackson river tract, amounted to 867 acres, valued by the commissioner at $1,745.50. Of these lands, the commissioner estimates the lands sold to McOaleb and G-illaspie at one-fifth in value. This one-fifth, if of average value, would be 73 2-5 acres, leaving a residue of only 293 3-5 acres. Of this residue Thomas E. Oobbs, assignee in bankruptcy of Sively, sold 213 acres, which (we are justified in concluding,) embraced all the bankrupt’s land, not included in the settlement on the appellant, and would leave to her 80 3-5 acres. The annual value of this settlement is proved to have been only $35; whilst the amount of judgment liens thereon is reported at $1,284.02. This latter amount would be very little if at all reduced by the proceeds of the sale made by the assignee in bankruptcy; for the gross amount of that sale was only $355, of which we have a right to presume that but little, if any, would be left for creditors. This simple statement of facts, shows, we think, with sufficient certainty .both the quantity of land claimed by appellant, and the necessity and propriety of a sale thereof.
It is further objected that it was error to decree the sale in the absence of McOaleb as a party to the suit.
There is nothing in the record to show that McOaleb was a necessary party to the suit. All that we have on *900 the subject is gathered from the answer of A. J. Sively, the husband, grantor and next friend of the appellant, he does not say that the sale to McCaleb was subsethe settlement. On the contrary he says, “that sa^ a portion of the land sought to be subjected to sale, to Joseph McCaleb; another portion to James P. Gillaspie, for both of which deeds have been made, and that by a marriage contract between this respondent and his wife, of record in the clerk’s office of Alleghany County court, she is entitled to another part of said land.” This [settlement was made on the 1st of May 1868, and recorded on the 20th of July in the same year; and from the order in which the several alienations are enumerated by Sively in his answer, it would seem to have been the last executed. And this is all we have on the subject, except a statement in the amended bill of the appellee, that the deed to Gillaspie was dated May 1st, 1867, and acknowledged May 29th, 1867, more than a year before [[the acknowledgment of the marriage contract. The sale to McCaleb was in all probability, made before that to Gillaspie, as it was'the first mentioned by the grantor in his answer; but there is literally no proof on the subject, and we are of opinion, therefore, that it does not appear that McCaleb was a necessary party.
It is further objected that it does not appear that the Jackson river tract of 54 acres was ever sold. Ho such objection was taken in the court below; and we think it does sufficiently appear from the pleadings and proof that this land was in fact sold by the assignee in bankruptcy. He says, he sold 218 acres of land, “ being the real estate set forth in the schedule of the bankruptand as we have already suggested there was no pretension or intimation in the court below, where the matter could at once have *901 been made plain, that this land had not been embraced in that list and sold. It rests merely on the argumentative suggestion of counsel in this court.
The last objection which we think it necessary to notice, is that the judgment debtor had taken the benefit of the bankrupt law, and that the claim of the appellee •should have been asserted in that court: that it was not proper that the debtor should be harrassed before two different tribunals at the same time.
This is an appeal by Charlotte Sively, by A. G-. Sively her husband and nextfriend, and not by Sively, the debtor in his own right; and it is not for him to allege in her name, errors to his prejudice, which do not prejudice the appellant. But if he were appellant, and was before two different tribunals at the same time, he himself was alone to blame for it. The appellee instituted his suit in the Circuit court to enforce his judgment lien against his debtor’s land, prior to the commencement of the proceedings in bankruptcy, and when the jurisdiction of the Circuit court was undoubted. Pending this suit, the debtor himself went voluntarily into the Federal court; and were he an appellant, it would not lie in his mouth to say that he is harrassed in two different courts at the same time. He could not make the objection, and his assignee in bankruptcy who was before the court, has not made it. He has not appealed from the decree or complained of it. Indeed the latter does not appear to have considered himself entitled to the land decreed to be sold by the court. It was not surrendered to him by the bankrupt, and he does not appear to have instituted any proceeding to recover or subject it; nor has ho claimed the proceeds in this court. Under such circumstances there is no reason why the appellee, who does not appear -to have proved his judgment in the court of bankruptcy, should be arrested in his proceedings in the Circuit *902 court, and turned over to another tribunal which has not taken cognizance of the subject sought to be subjected. He has an unquestionable lien on the land decreed to be sold, which we think he had a perfect right to enforce iü the Circuit court
There is another objection to the decree which should be noticed. It is that the decree requires the homestead exemption to be waived by the purchaser. We do not see that this is an error to the prejudice of the appellant; but we do not wish to be understood in affirming the decree, as approving that requisition. On the contrary, we express no opinion on the question; but as the irregularity, if it exist, cannot prejudice the appellant, wehave not thought proper to correct the decree. We are of opinion that there is no error in the decree complained of to the prejudice of the appellant, and that the same must be affirmed, with costs and damages to the appellee.
■ The decree was as follows :
This day came again the parties by their counsel, and the court having maturely considered the transcript of the record of the decree aforesaid, and the arguments of counsel, is of opinion, for reasons stating in writing and filed with the record, that the land in the proceedings mentioned, claimed by the appellant under a marriage contract with her husband, was subject to the lien of the appellee’s judgment, and that there is no error in the decree complained of.
It is therefore decreed and ordered, that the said decree of the 29th day of March 1872, be affirmed; and that the appellant, Charlotte E. Sively, and her husband and next friend, Andrew J. Sively, do pay to the appellee, Calvin S. Campbell, his costs by him about his de *903 fence in this behalf expended, and thirty dollars damages. And the cause is remanded to the said Circuit court for further proceedings to be had therein.
All which is ordered to he certified to the Circuit court of Alleghany county.
Decree affirmed.